UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALEXANDRA LOZANO, et al., | CASE NO. C22-1477JLR |
| Plaintiffs, | ORDER |
| v. | |
| JOHN DOES I-X, et al., | |
| Defendants. | |

## I.  INTRODUCTION

Before the court is Stefania Ramos Birch's third-party motion to quash subpoena or, alternatively, for a protective order. (Mot. (Dkt. # 1).) Mrs. Ramos, proceeding *pro se*,[1] seeks to quash a subpoena served on her by Alexandra Lozano, Angelyne Lisinski, and Giulia Fantacci (collectively, "Plaintiffs"), in which Plaintiffs seek discovery regarding Mrs. Ramos's knowledge of certain statements published about them. (*See*

---

[1] Although Mrs. Ramos proceeds *pro se*, she is an attorney licensed to practice in Washington State. (*See* Mot. at 2.)

ORDER - 1

Mot., Ex. A (Dkt. # 1-1) ("Subpoena") at 6.[2]) Plaintiffs oppose Mrs. Ramos's motion and move to strike portions that exceed the allowable page limit under the Local Civil Rules. (Resp. (Dkt. # 5) at 1.[3]) Mrs. Ramos filed a declaration supporting her motion, which the court construes as a reply in support of her motion to quash. (*See* Reply (Dkt. # 10).[4]) The court has considered the parties' submissions, the relevant portions of the record and the applicable law. Being fully advised,[5] the court GRANTS Plaintiffs' motion to strike and DENIES Mrs. Ramos's motion to quash.

## II.   BACKGROUND

Mrs. Ramos is an immigration attorney in Washington State. (Mot. at 2.) Plaintiffs are also immigration attorneys. (Resp. at 2.) Mrs. Ramos participated in online discussion forums regarding Ms. Lozano's allegedly unethical practices. (*See id.* at 2-3; Mot. at 2-3.) Plaintiffs allege that these and other online publications are "defamatory harassment" and have sued anonymous defendants in the U.S. District Court for the Southern District of Ohio to recover for harms they state they suffered because of the alleged defamation and harassment. (Resp. at 2-3); *see also Lozano v. Does I-X*, No.

---

[2] The court refers to page numbers in the CM/ECF header for each document unless otherwise specified.

[3] Plaintiffs filed their response and supporting exhibits twice. (*See* Dkt. ## 5, 6.) The filings are identical, but the court cites only to the first response (Dkt. # 5).

[4] Defendants in the underlying litigation have not been named and thus have not responded to Mrs. Ramos's motion. (*See* Dkt.)

[5] Neither party has requested oral argument (*see* Mot. at 1; Resp. at 1), and the court has determined that oral argument would not be helpful to its disposition of the motions, *see* Local Rules W.D. Wash. LCR 7(b)(4).

2:22-cv-3089-ALM-KAJ (S.D. Ohio). Defendants are anonymous because Plaintiffs have not yet been able to identify them and know them only by usernames and handles they have used on various online platforms. (Resp. at 2-3.) Plaintiffs issued the instant subpoena by leave of the Southern District of Ohio to discover Mrs. Ramos's personal knowledge, regarding the identities of the anonymous defendants. (*Id.* at 3-4; Mot., S. D. Ohio Order (Dkt. # 1-4).) The subpoena requires Mrs. Ramos to testify in a deposition at Ms. Lozano's office in Tukwila, Washington. (Subpoena (Dkt. # 1-1) at 2.[6])

Upon receiving the subpoena, Mrs. Ramos emailed Plaintiffs' counsel seeking to schedule the deposition after her pregnancy and impending delivery. (Mot. at 4-5.) According to Mrs. Ramos, Plaintiffs worked with her to accommodate her scheduling needs. (*Id.*; *see also* Emails re Subpoena (Dkt. # 5-3).) However, Mrs. Ramos then abandoned those conversations in favor of filing the instant motion to quash. (Mot. at 5; Resp. at 5.)

### III.   ANALYSIS

The court discusses Plaintiffs' motion to strike contained in their response before considering Mrs. Ramos's motion to quash or, alternatively, for a protective order.

---

[6] The original subpoena sought both deposition testimony and document discovery from Mrs. Ramos. (*See* Subpoena at 6.) However, the Southern District of Ohio subsequently denied Plaintiffs' motion to for an expedited ruling allowing document discovery in conjunction with the depositions subject to the subpoena. (*See* Notice, Ex. 1 (Dkt. # 9-1); *see also* 10/24/2022 Ohio Order (Dkt. # 9-1) at 1.) Plaintiffs have withdrawn their request for document discovery from Mrs. Ramos and stipulate that the scope of the subpoena is limited to Mrs. Ramos's deposition testimony. (*See* Notice at 1.) Therefore, the court considers Mrs. Ramos's motion with respect to the deposition only.

ORDER - 3

### A. Plaintiffs' Motion to Strike

Plaintiffs move to strike the pages of Mrs. Ramos's motion that exceed the page limit set forth in Local Rule 7. (*See* Resp. at 1-2 n.1 (citing Local Rules W. D. Wash. LCR 7(e)(6)).) Local Rule 7(e) provides that motions for protective orders shall not exceed 12 pages, and "the court may refuse to consider any text, including footnotes, which is not included within the limits." Local Rules W.D. Wash. LCR 7(e)(2), 7(e)(6) (identifying text in a motion counted toward page limits). Excluding captions, signature blocks, and certificates of service, Mrs. Ramos's motion exceeds 17 pages. Accordingly, the court GRANTS Plaintiffs' motion to strike the pages of Mrs. Ramos's motion that exceed the page limit and does not consider the text beyond the 12th page of Mrs. Ramos's motion.

### B. Mrs. Ramos's Motion to Quash

In relevant part, Federal Rule of Civil Procedure 45(d)(3) requires the court to quash or modify a subpoena that fails to allow a reasonable time to comply; requires a person to comply at a location at least 100 miles away from her residence or where she regularly transacts business; requires disclosure of privileged material; or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). The party moving to quash the subpoena bears the burden of showing that another party should not be permitted to obtain the discovery by establishing at least one of the foregoing factors. *See Goodman v. U.S.*, 369 F.2d 166, 169 (9th Cir. 1996). Mrs. Ramos argues that the court should quash the subpoena because (1) the Southern District of Ohio lacks personal jurisdiction over her, (2) the subpoena lacks proportionality, and (3) the subpoena imposes an undue

burden on Mrs. Ramos. (*See* Mot. at 6-13.) In her reply, Mrs. Ramos argues for the first time that the subpoena should be quashed because it requires her to disclose privileged material. (*See* Reply at ¶¶ 7-8.) Each of these arguments fails.

### 1. Mrs. Ramos's personal jurisdiction argument fails.

Mrs. Ramos argues at length that the court should quash the subpoena because the issuing court, the Southern District of Ohio, lacks personal jurisdiction over her. (*See* Mot. at 6-7, 13.) Plaintiffs counter that Rule 45 distinguishes between the "issuing court" and the "place of compliance," and that the former need not have personal jurisdiction over the witness subject to the subpoena. (*See* Resp. at 6-7 (citing Fed. R. Civ. P. 45(a)(2), 45(c)).) The rule recognizes "the court where the action is pending as the issuing court, [and] permit[s] nationwide service of the subpoena." Fed. R. Civ. P. 45 cmt. (Advisory Comm. 2013). The court agrees that under the plain text and purpose of the rule, the issuing court may issue a subpoena to any witness, nationwide, regardless of its ability to exercise personal jurisdiction over that witness. *See id.*

The only court that must have personal jurisdiction over Mrs. Ramos is the court in in the place of compliance. *See* Fed. R. Civ. P. 45(c). That court may enforce the subpoena so long as the subpoena complies with Rule 45(c)'s requirements for the place of compliance. *See id.* (providing that a subpoena may command a person to attend a deposition "within 100 miles of where the person resides, is employed, or regularly transacts business in person").[7]

---

[7] Each of the nonbinding cases Mrs. Ramos cites in support of her argument is readily distinguishable and none persuades the court to disregard the text and meaning of the rule. For

1   This court, the Western District of Washington, sits in the place of compliance. (*See* Subpoena at 2) (identifying the place of compliance as Tukwila, Washington); *see also* "About the Court," United States District Court for the Western District of Washington, https://www.wawd.uscourts.gov/about (showing that this court serves an area including King County, where Tukwila, Washington is located). Mrs. Ramos does not contest this court's personal jurisdiction over her, nor does she argue that the subpoena fails to comply with Rule 45(c)'s requirements. (*See* Mot.; *see also* Resp. at 8 (noting Tukwila, Washington is 26 miles from Mrs. Ramos's office)); *see* Fed. R. Civ. P. 45 (approving of subpoenas requiring a person to attend a deposition as far as 100 miles from her residence). Therefore, Mrs. Ramos's personal jurisdiction argument fails, and the court will not quash Plaintiffs' subpoena on that basis.

2.  Mrs. Ramos's proportionality argument fails.

Mrs. Ramos asserts that the subpoena lacks proportionality and should be quashed or modified on that basis. (*See* Mot. at 1, 10.) A subpoena issued pursuant to Rule 45 must comply with Rule 26's limits on discovery, which provides that the scope of discovery extends to "any nonprivileged matter that is relevant to any party's claim or

---

instance, in *Gucci America, Inc. v. Weixing Li*, 768 F.3d 122 (2d Cir. 2014), the Second Circuit concluded that the issuing court lacked personal jurisdiction over the party subject to subpoena— but in *Gucci*, the issuing court and the court in the place of compliance were one in the same; the court in the place of compliance lacked personal jurisdiction over the subpoenaed party. *In re Application to Enforce Admin. Subpoenas Duces Tecum of the S.E.C. v. Knowles*, 87 F.3d 413, 418 (10th Cir. 1996) is also inapposite because it dealt with administrative agency subpoenas, not those subject to Rule 45. Mrs. Ramos also cites *Ariel v. Jones* 693 F.2d 1058 (11th Cir. 1982) and *Elder-Beerman Stores Corp. v. Federated Dep't Stores, Inc.*, 45 F.R.D. 515, 516 (S.D.N.Y. 1968), but these were each decided long before the 1991 Amendments to Rule 45 clarifying the distinction between the "issuing court" and the "place of compliance."

ORDER - 6

defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Discovery requests must accordingly be "tailored with some particularity to the relevant information that the requesting party hopes to gain." *Rollins v. Traylor Bros.*, No. C14-1414JCC, 2017 WL 1756576, at *2 (W.D. Wash. May 5, 2017). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections" with competent evidence. *Doe v. Trump*, 329 F.R.D. 262, 270 (W.D. Wash. 2018) (quoting *Blemaster v. Sabo*, No. 2:16-CV-04557 JWS, 2017 WL 4843241, at *1 (D. Ariz. Oct. 25, 2017)).

Here, Mrs. Ramos does not discharge her burden because she does not make any specific argument with respect to the subpoena's proportionality within the pages of her motion that are properly before the court. (*See generally* Mot.); *see also supra* Section III.A (granting Plaintiffs' motion to strike pages exceeding the page limit). Accordingly, Mrs. Ramos's proportionality argument fails because she has not carried her burden.

3. <u>Mrs. Ramos fails to establish that the subpoena imposes an undue burden.</u>

In determining whether a subpoena imposes an undue burden on a witness, courts consider the need of the requesting party, the breadth of the request, the time period covered by it, the particularity with which the discovery is described, and the burden imposed. *See Russell v. Zoellin*, Case No. C18-0827JCC, 2019 WL 1989654, at *1 (W.D. Wash. May 6, 2019). A party opposing the subpoena bears the burden of establishing that it is unduly burdensome. *See Goodman*, 369 F.2d at 169. Mrs. Ramos asserts that the subpoena imposes an undue burden but does not address the factors articulated in *Russell* or identify any specific reason in support of her argument within the

pages of her motion that are properly before the court. (*See generally* Mot.); *see also supra* Section III.A (granting Plaintiffs' motion to strike pages exceeding the page limit).[8] Accordingly, Mrs. Ramos's argument that the subpoena imposes an undue burden on her fails.

> 4. Mrs. Ramos fails to establish that the subpoena must be quashed or modified to avoid requiring her to disclose privileged material.

In her reply, Mrs. Ramos argues that her only pertinent knowledge is protected by attorney-client privilege because she has "**no knowledge**" of the people or entities responsible for the allegedly defamatory conduct. (*See* Reply at ¶¶ 7-8 (emphasis in original).) Per the Southern District of Ohio's order, the subpoena allows Plaintiffs to "engage in depositions of individuals suspected of being involved in the campaign, but only to determine the extent of those individuals' knowledge regarding the defamatory campaign, and their knowledge of the defamers' identities." (10/24/2022 Ohio Order at 1.) Mrs. Ramos asserts that her only relevant knowledge of Ms. Lozano's allegedly unethical practices is informed by the experiences of her clients who had previously consulted with Ms. Lozano, and that this knowledge is subject to attorney-client privilege. (*See* Reply at ¶¶ 7-8.[9]) But by its own terms, the subpoena does not require

---

[8] In their response, Plaintiffs construe her "undue burden" argument to be that she is not subject to personal jurisdiction in the Southern District of Ohio. (*See* Resp. at 6). Mrs. Ramos does not contest this characterization in her reply. (*See generally* Reply.) Regardless, the court already addressed Mrs. Ramos's personal jurisdiction argument, *see supra* Section III.B.1, and need not repeat it here.

[9] Because Mrs. Ramos raises this issue for the first time on reply, Plaintiffs have not responded to the argument.

ORDER - 8

Mrs. Ramos to discuss the source of her knowledge about Ms. Lozano's business practices; it seeks only her testimony regarding the alleged campaign itself and the identities of those who, like Mrs. Ramos, discussed Ms. Lozano's alleged practices online. (*See* 10/24/2022 S.D. Ohio Order at 1.) The court is therefore not persuaded that the subpoena requires Ms. Lozano to disclose privileged information, or that any modification is necessary to prevent the disclosure thereof. *See* Fed. R. Civ. P. 45(d)(3). The court, however, reminds the parties to comply with their obligations under Rule 30(c). *See* Fed. R. Civ. P. 30(c)(2). During her deposition, if answering any question would require Mrs. Ramos to disclose privileged information, she may object and decline to answer in order to preserve a privilege. *See id.*

In sum, Mrs. Ramos has not carried her burden to establish that the subpoena should be quashed pursuant to Rule 45(d)(3). Accordingly, the court DENIES Mrs. Ramos's motion to quash.

**C. Mrs. Ramos's Motion for a Protective Order**

Mrs. Ramos asks the court, in the alternative, to issue a protective order limiting the scope of the subpoena to topics related to personal jurisdiction and her contacts in Ohio. (*See* Mot. at 1.) Mrs. Ramos also asks the court to issue a protective order staying discovery pending the outcome of her present motion. (*Id.* at 1-2.[10])

---

[10] Mrs. Ramos also seeks a protective order limiting the subpoena to a deposition to determine her knowledge regarding the allegedly defamatory campaign and the alleged defamers' identities. (Mot. at 1-2.) Because the Southern District of Ohio has already ordered Plaintiffs to modify the subpoena (*see* 10/24/2022 Ohio Order at 1), and Plaintiffs have already stipulated to limit the subpoena to a deposition on these topics (*see* Notice), the court need not address this request.

ORDER - 9

1  Local Rule 26(c) provides that a motion for a protective order must contain a
2  certification that the movant has conferred in good faith with other affected parties "in an
3  effort to resolve the dispute without court action." Local Rules W.D. Wash. LCR 26(c).
4  According to Plaintiffs, Mrs. Ramos did not attempt to meet and confer in good
5  faith with them prior to filing the instant motion. (Resp. at 11.) Mrs. Ramos's motion
6  does not include a certification that she conferred with Plaintiffs in good faith in an effort
7  to resolve this dispute without court action. (*See generally* Mot.) Instead, both parties
8  acknowledge that Mrs. Ramos abandoned efforts to schedule the deposition around her
9  pregnancy in favor of filing the instant motion. (*See* Mot. at 5; Resp. at 5.) Plaintiffs
10 argue that Mrs. Ramos's failures to meet and confer with Plaintiffs and to include a
11 certification regarding the same amount to a violation of the requirements set forth in
12 Local Rule 26(c). (*See* Resp. at 11.) In her reply, Mrs. Ramos does not address the
13 omission. (*See* Reply.)
14 The court agrees with Plaintiffs that Mrs. Ramos failed to meet and confer in good
15 faith before filing the instant motion. *See* Local Rules W.D. Wash. LCR 26(c).
16 Accordingly, because Mrs. Ramos failed to comply with this threshold requirement, the
17 court DENIES Mrs. Ramos's motion for a protective order.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS Plaintiffs' Motion to Strike (Dkt. # 5) the pages of Mrs. Ramos's motion that exceed the page limits set forth in the local rules and DENIES Mrs. Ramos's motion to quash or for a protective order (Dkt. # 1).

Dated this 7th day of November, 2022.

JAMES L. ROBART
United States District Judge